If the constable would be liable for a (244) false return on these facts, he must likewise be liable under the statute for want of due diligence in not taking out an execution or otherwise making the money. The Court *Page 183 
holds, clearly, that he would have been liable for returning nulla bona in this case, if a fieri facias had been in his hands. The return would have been false in point of fact, as Noland had property. Then, he was not to wait for a communication from the creditor as to the person or residence of the debtor or the particular property in his possession. If he needed information on those points, it was his duty to make inquiry before he ventured on a return, false in fact. Parks v. Alexander, 29 N.C. 412;Dyke v. Duke, 4 Bing. N.C. 197. But here it is not pretended that the constable did not know the debtor and his residence, and there was evidence that he had precise notice from the mortgagee of some of the effects, that his claim was discharged and that the property then belonged to Noland, and, of course, was subject to execution. No reputation of insolvency of the debtor could excuse such indifference to the interests of the creditor and gross neglect of duty.
PER CURIAM. Judgment affirmed.
(245)